UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX1<br><br>     Plaintiff,<br><br>v.<br><br>ARIEL TORRES<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  C.A. No. 20-00227-MSM-LDA<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S OBJECTION TO MOTION TO ALTER AND AMEND JUDGMENT**

Plaintiff U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX1 ("U.S. Bank as Trustee" or "Plaintiff") objects to the *Motion to Alter and Amend Judgment Pursuant to F.R.C.P. 59(e)* ("Motion to Amend") filed by Defendant Ariel Torres ("Torres" or "Defendant") on November 12, 2021 (ECF No. 24).

The Motion to Amend attempts to reargue this Court's *Memorandum and Order* (Sept. 13, 2021, ECF No. 22) ("Order") and *Judgment* (Oct. 13, 2021, ECF No. 23) that granted Plaintiff's *Motion for Summary Judgment* (Dec. 11, 2020, ECF No. 13) ("MSJ"). The Order stated that no genuine issues of material fact existed, Plaintiff was entitled to a declaration that the foreclosure sale that occurred on November 5, 2019 was valid, and the "Notice of Defects" that Torres recorded in the land records for the City of Providence should be stricken. See Order at 1-2.

The Motion to Amend argues that the Order and Judgment were improperly granted because Plaintiff mailed the "Counseling Notice" by certified mail whereas the repealed *R.I. Gen. Laws* § 34-27-3.1(a) formerly required such notice to be "provide[d] … by first class mail."

1

The Court properly considered the arguments when deciding the MSJ, and Torres has not provided any reason why the Judgment should be amended or altered.

## STANDARD OF LAW FOR A RULE 59(e) MOTION

"[I]t is very difficult to prevail on a Rule 59(e) motion," requiring "the moving party [to] either clearly establish a manifest error of law or [to] present newly discovered evidence." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 998 F.3d 35, 40 (1st Cir. 2021). "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling." *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011).

## ARGUMENT

The Motion to Amend improperly raises the same arguments that this Court already considered when granting the MSJ and does not establish any manifest error of law. Even if the Motion to Amend raised an argument that the Court overlooked (which it does not), this Court's Judgment was properly granted and does not need to be amended or altered.

At page 4 of *Memorandum of Law in Support of Defendant's Motion to Alter and Amend Judgment Pursuant to FRCP 59(e)* (Nov. 12, 2021, ECF No. 24-1) ("Memorandum"), Defendant argues, "This Court committed manifest error by ignoring the argument of the Defendant, in which [1] he contended that the term 'provide' in the statute [*R.I. Gen. Laws* § 34-27-3.1] was not synonymous with mail and [2] that as set forth in the Rhode Island General Laws, 'certified mail' was distinct and different from 'first class mail'." These two arguments will be addressed below.

### A.     This Court Properly Held That Plaintiff "Provided" Notice to Torres

First, Defendant argues that the word "provide" in § 34-27-3.1 is "unique" and does not mean "deposit in the mail." Memorandum at 9, 20. Rather, Defendant argues, without citation, that "provide" requires proof of "actual delivery." Memorandum at 20.

The former requirement in the repealed § 34-27-3.1 to "provide [the Counseling Notice] by first class mail" cannot mean requiring proof that the Counseling Notice was actually delivered by first class mail. One cannot ensure actual delivery by first class mail other than by using the additional service of certified mail, as Plaintiff, of course, actually did here. Defendant's interpretation of "provide … by first class mail" as requiring proof of actual delivery is therefore absurd. As the Memorandum itself noted, "under no circumstances" should a Court "construe a statute to reach an absurd result." Memorandum at 8, quoting *In re Kapsinow*, 220 A.3d 1231, 1235 (R.I. 2019) and *Mendes v. Factor*, 41 A.3d 994, 1002 (R.I. 2012).

Likewise, Defendant's argument that the word "provide" rather than "mail" does not mean depositing the notice in the mail (see Memorandum at 8-9) is also absurd. There is no way to "provide" a notice "by first class mail" other than by depositing it in the mail. Therefore, "provide … by first class mail" must be interpreted synonymously with deposit in the mail.

Defendant's argument concerning the "unique" use of the word "provide" instead of "mail" to require "actual delivery" is also not convincing. If the General Assembly intended the mortgagee to ensure actual delivery or actual receipt of the Counseling Notice, it would have used the words "actual delivery" or "actual receipt." *See, e.g., R.I. Gen. Laws* § 6-51-3 (requiring "actual delivery" of a notice of default of an automobile lease); § 7-11-607 (offer to rescind purchase of securities "must be delivered to the offeree or sent in a manner which assures actual

3

receipt by the offeree"). In contrast, the repealed § 34-27-3.1 required only that the notice be "provide[d]" and did not require "actual delivery" or "actual receipt."

Defendant relies on *City of Pawtucket v. Laprade*, which does not hold that "provide" requires "actual delivery" and does not discuss the means of providing something at all. *City of Pawtucket v. Laprade*, 94 A.3d 503, 507 (R.I. 2014). In *Laprade*, an action initially under the Law Enforcement Officers Bill of Rights, a witness list was provided on July 11, 2011, which was nine days prior to July 20, 2011, when a hearing was initially scheduled. *Id.* The parties did not dispute, and the court did not consider, the means by which the information was provided or the date on which the information was provided. Instead, the sole question was timing-- whether the list was provided ten days before the hearing, which was continued to July 22, 2011, but treated as if it occurred on July 20, 2011. *Id.* at 209. *Laprade* simply does not address the interpretation of the words "provide … by first class mail."

Notably, Defendant does not argue that the Court overlooked any evidence regarding his ability to receive the Counseling Notice. Defendant previously argued that he "was not at home when the mail was delivered during the day." *Memorandum of Law in Support of Objection to Motion for Summary Judgment* (Mar. 31, 2021, ECF No. 18-1) at 4. However, Defendant did not present any affidavit or other evidence supporting this assertion. Rather, the undisputed evidence establishes that the U.S. Post Office brought the Counseling Notice to his door at 6:45 p.m. and left a notice that it was available. *Statement of Undisputed Material Facts* (Dec. 11, 2020; ECF No. 13-3) at ¶ 15. Defendant made absolutely no effort to explain why he did not accept the Counseling Notice after it was provided to him. Section 34-27-3.1 did not require a mortgagee to prove delivery or actual receipt of the Counseling Notice. Under these circumstances, even without actual receipt, the Plaintiff "provide[d] [the Counseling Notice] by first class mail."

While he may disagree with the Court's decision, Defendant has not shown that the Court made a manifest error of law when it held that mailing the notice by certified mail satisfied the requirements of § 34-27-3.1 to "provide [the notice] by first class mail."

### B.  This Court Properly Held That Certified Mail is a Type of First Class Mail

At pages 2-3 of the Memorandum, Defendant argues that the Court misunderstood his argument that certified mail does not satisfy the former statutory requirement to "provide [the Counseling Notice] by first class mail" because Defendant "made no reference to paragraph 15 [of the Mortgage] in relation to this issue."  Regardless of how phrased, Defendant did previously argue that the Counseling Notice must be mailed first class without the additional service of certified mail.

Although the Court's reasoning may not have been phrased the same way as Defendant's arguments, the Court did in fact consider whether "certified mail" differed from "first class mail."  *See* Order at 10.  This Court considered that "the United States Postal Service describes first class mail as a *type* of mail, which certification is described simply as an 'extra *service*' for which 'First-Class mail' is eligible."  *Id.* (emphasis in original; citation to usps.com omitted).  The Court cited several cases holding that sending a preforeclosure notice by certified mail satisfied various requirements to send a notice by first class mail and even noted that "[t]here is not unanimity on this point." *Id.* at 10 n.3.  Plaintiff also responded to Defendant's argument that certified mail is not a type of first class mail in pages 5 to 7 of the *Reply in Support of Plaintiff's Motion for Summary Judgment* (Apr. 7, 2021, ECF No. 21), which Plaintiff incorporates here by reference. Because the Court did consider Defendant's argument concerning certified mail, the Motion to Amend does not show that the Court made any "manifest error" when it ruled against Defendant's legal arguments.

5

At pages 9-13, Defendant's Memorandum also cites several other Rhode Island statutes enacted in 2009 Public Laws that refer to both certified mail and first class mail. The Memorandum argues that these statutes demonstrate that the words "first class mail" in the repealed *R.I. Gen. Laws* § 34-27-3.1 are unambiguous and required the mail not to be certified. See Memorandum at 9 ("The legislature distinguished between first class mail and certified mail in the two statutes and thus clearly made a distinction between the two."). The Memorandum's conclusion, that the General Assembly's use of the words "first class mail" must mean sending without the additional service of certified mail, simply does not logically follow from Defendant's cursory review of some statutes that refer to both "first class mail" and "certified mail." Moreover, because Defendant did not raise this statutory argument in his objection to the MSJ, he cannot raise the argument now. *Villanueva*, 662 F.3d at 128. Likewise, at pages 16-20, the Memorandum also cites numerous cases from other jurisdictions that Defendant did not raise in opposition to the MSJ. Because none of those cases analyze the requirements of the repealed § 34-27-3.1, they do not warrant further consideration.

The Rhode Island Supreme Court has never held that certified mail is not a type of first class mail. In *Flynn v. Al-Amir*, the Rhode Island Supreme Court held that "[s]ervice by registered or certified mail should be regarded as equally efficacious [as personal service] from a constitutional perspective to invoke personal jurisdiction since the return receipt normally guarantees that the defendant or someone related or associated with him has received the process." 811 A.2d 1146, 1151 (R.I. 2002) (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1074 at 359-60 (2002)). In *Larocque v. Rhode Island Joint Reinsurance Ass'n*, the Court held that certified mail could be insufficient if it did not guarantee "actual receipt of notice," only due to unique public policy concerns that an insured receive actual

6

notice of cancellation and a specific statutory requirement. 536 A.2d 529, 531 (R.I. 1988). In contrast, in a tax foreclosure proceeding, the Rhode Island Supreme Court held that a party only needs to prove that it sent notice by certified mail, not that the certified mail was accepted or that the notice was actually received. *Amy Realty v. Gomes*, 839 A.2d 1232, 1235 (R.I. 2004) ("Actual notice was not required; otherwise, taxpayers seeking to avoid payment could dodge the tax collector merely by refusing to pick up their certified or registered mail."). In light of these decisions, this Court followed established precedent in holding that mailing the Counseling Notice to Torres by certified mail, which is a type of first class mail, satisfied the former requirements of the repealed § 34-27-3.1 that the Counseling Notice be "provided … by first class mail."

Because the Court properly considered Defendant's argument and reached a conclusion that does not demonstrate a manifest error of law, the Motion to Amend should be denied.

### C. If This Court Reconsiders Its Conclusion that Mailing Notice by Certified Mail Did Not Comply with R.I. Gen. Laws § 34-27-3.1, Then The Court Should Find that the Statute Was Repealed

In its second footnote to the Order, this Court noted the following:

> Section 3.1 was repealed in 2014. Mr. Torres makes a complicated argument, however, that it was revived in 2018; the argument revolves around a sunset provision attached to R.I.G.L. § 34-27-3.2, a mortgage mediation statute enacted in 2014. In a recent case, the Rhode Island Supreme Court declined to address whether § 3.1 still has life in the context of a statutory right of sale. *Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143-44, n. 6, 7 (R.I. 2021). Because of the conclusion that, for purposes of ¶ 22 of the Mortgage at issue here "certified mail" is a type of "first class mail," and that therefore notice of counseling was properly provided, we also need not reach the question of § 3.1's continuing vitality.

Order at 9, ¶ 2. If the Court intends to reconsider its decision that mailing a notice by certified mail satisfies the requirements of the repealed *R.I. Gen. Laws* § 34-27-3.1, then the Court must also reach the question of whether that statute is currently in effect.

7

The Rhode Island Supreme Court described § 34-27-3.1 as having been "**repealed** by P.L. 2014, ch. 543, § 2." *Medina*, 247 A.3d 140, 143-44, n.6, 7 (emphasis added). Defendant's counsel, representing the Defendant Ana Medina in that action, argued that "§ 34-27-3.1 had been revived upon the expiration of P.L. 2014, ch. 543, § 2 on July 1, 2018." *Id.* at 143 n.6.

Defendant's argument that a repealed statute is revived by a sunset provision on a different statute is incorrect. The correct principle of statutory construction is stated succinctly in *R.I. Gen. Laws* § 43-3-24: "The repeal of any statute shall not be construed to revive any other statute which has been repealed." Defendant's argument that the sunset clause stated in P.L 2014, ch. 543, § 2 (which would have repealed *R.I. Gen. Laws* § 34-27-3.2 on July 1, 2018 had that sunset provision not been further extended) somehow revived § 34-27-3.1 is directly contrary to § 43-3-24.

Because § 34-27-3.1 was repealed and Defendant's argument for its revival is contrary to § 43-3-24, this Court should decline to reconsider the Judgment entered in Plaintiff's favor in this matter, even if it were persuaded by Plaintiff's argument that "provide … by first class mail" requires proof of actual delivery without being sent by certified mail.

## CONCLUSION

The Motion to Amend does not present any arguments or evidence that the Court overlooked, and does not present any manifest error of law. Rather, the Motion to Amend tries to present new statutory citations and cases that Defendant should have raised in opposition to the MSJ. *R.I. Gen Laws* § 34-27-3.1 was repealed, but in any event, Plaintiff provided Defendant the Counseling Notice, even if he refused to accept it.

WHEREFORE, Plaintiff respectfully requests the Court to deny the Motion to Amend.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX1

By its Attorneys,

*/s/ Jeffrey C. Ankrom*
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
jeffrey.ankrom@lockelord.com

Dated:  December 2, 2021

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that on the 2nd day of December, 2021, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

*/s/ Jeffrey C. Ankrom*
Jeffrey C. Ankrom, Esq.

100873547v.2